## WARWICK vs KINGMAN.

Opinion Delivered June 12, 1899.

*Trial by Jury—Waiver.*

    Unless a trial by jury is waived, it is the duty of the court in all cases, in which a party is entitled to a jury trial, to grant it, and a waiver of the right must affirmatively appear on the record.

Appeal from the United States Court for the Southern District.

CONSTANTINE B. KILGORE, Judge.

Action by Kingman & Co. against Dan Warwick. Judgment for Plaintiffs. Defendant appeals. Reversed.

This action was brought by Kingman & Co. in the United States commmissioner's court at Purcell to recover the possession of "one gray mare, ten years old, named Kate, weight about 1,200 pounds, and one sorrel mare, eight years old, named 'Dol,' weight about 1,200 pounds," alleged to be of the value of $50 each, from Dan Warwick, the appellant herein; the appellees claiming the right to the possession of the mares sued for by virtue of a chattel mortgage executed by one J. J. Cunningham to them, which was not paid. Defendant, Warwick, answered, denying that the plaintiffs held a mortgage on these mares, that they were entitled to their possession, were the owners thereof, or held the legal title thereto, or were interested therein,—and alleged that he was a livery stable keeper at Purcell; that these mares were brought to his stable on December 6, 1895, and that there was owing him for the feed and care of same

$36.05, for which amount he claimed a lien superior to that of the plaintiffs; that these mares had been sold under the provisions of the statute relating to liens and livery stable keepers to satisfy his liens, and that he himself had purchased at the sale and was the owner of, the mares sued for. Judgment was rendered in favor of Kingman & Co. in the United States commissioner's court, and also in the United States court, at Purcell, and against the defendant, Dan Warwick, for the possession of the mares, or for $50, their value, and a motion for a new trial was made and overruled, and an appeal prayed and allowed to this court.

*Hocker & Woods,* for appellant.

*J. F. Sharp,* for appellees.

THOMAS, J.   The first error assigned by appellants is that the trial court erred in denying him a trial by jury. The bill of exceptions which was allowed by the trial court, and made a part of the record in this case, contains the following recital: "Mr. Hocker:   Still objecting to the way and manner of proceeding herein, and not waiving the right to a trial by jury, and still demanding a jury trial, we do not care to introduce any testimony."   In the certificate of the judge of the trial, at the end of the bill of exceptions which had been presented to him by the attorneys for the appellant, and which were modified by him, the following appears:   "The defendant's counsel did not distinctly waive a trial by jury by any declaration in open court."   Article 7 of the amendments to the constitution of the United States provides that "in suits at common law where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved."   Section 5148 of Mansfield's Digest, adopted by congress and put in force in the Indian Territory, reads as follows:   "The trial by jury may be waived by the party in actions arising on contract, and, with

the assent of the court, in other actions in the following manner. First by failing to appear at the trial. Second. By written consent in person or by attorney filed with the clerk.—Third. By oral consent in open court, entered on the record." We have certainly read the entire record in this case, including the bill of exceptions presented to the trial court by the attorneys for the appellant, and the certificate of the trial judge, in which the bill of exceptions as presented was modified to a certain extent, and we are of the opinion that the appellant properly demanded a trial by jury, and was entitled to it, and that his right was not waived by him in any way as provided by the above statute. It is not contended that the appellant failed to appear at the trial, but on the contrary, the record shows that he did appear. It is not contended that the written consent of the appellant in person or by his attorney, waiving a trial by jury, was filed with the clerk, nor does the record disclose that such was the case. It is not contended that the appellant, by oral consent in open court, entered on the record, waived a trial by jury, nor does the record anywhere disclose that he did; but, on the contrary, the judge of the trial court certifies that he did not. We are of the opinion that in all cases where a right to a trial by jury is guaranteed by the constitution of the United States it is the duty of the trial court to tender to the parties a trial jury with a free and open hand, and we are unwilling to approve of any record where this right is seemingly refused or abridged. It has been said that the right to a trial by jury "is the bulwark of American liberties." This right was contended for by the barons of England when they wrung from King John at Runnymeade, the Magna Charta, in which it was provided that no Englishman should be deprived of his possessions except by the judgment of his peers; and this right was afterward incorporated into the constitution of the United States, which is the fundamental

law of the land; and it is the duty of this court to see that this right which is most cherished by the American people, is preserved. For the reasons stated, the judgment of the trial court herein is reversed, and the cause remanded. Reversed and remanded.

SPRINGER, C. J., and CLAYTON and TOWNSEND., JJ., concur.